OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. The defendant-appellant, Kevin T. Amerson ("Amerson"), appeals the April 12, 2006 Judgment Entry, denying Amerson's motion for vacating and correction of sentence.
 {¶ 2} On August 13, 2002, Amerson was indicted by the Logan County Grand Jury on one count of Possession of Drugs, in violation of R.C. 2925.11(A), a felony of the first degree. On January 21, 2003, Amerson filed a Petition to Enter a Plea of Guilty or No Contest. On January 28, 2003, the trial court filed a Judgment Entry stating that the trial court found that Amerson entered a guilty plea regarding the count of possession of drugs and subsequently found him guilty as charged. On March 25, 2003, the trial court filed a Judgment Entry regarding the March 18, 2003 sentencing hearing ordering that Amerson serve a stated, mandatory prison term of six years with a post release control period of five years.
 {¶ 3} On February 23, 2004, Amerson filed a motion to withdraw plea of guilty and tender a plea of not guilty with respect to the count of possession of drugs. On March 12, 2004, the trial court filed a Judgment Entry regarding the March 10, 2004 motion to withdraw plea hearing. The trial court denied the motion to withdraw the plea. On November 15, 2004, Amerson filed a Motion to Resentence Defendant. On January 19, 2005, the trial court filed a Judgment Entry denying Amerson's motion to resentence.
 {¶ 4} On April 6, 2006, Amerson filed a motion for the vacating and correction of sentence. On April 12, 2006, the trial court denied the motion for vacating and correction of sentence establishing that the trial court did not know of any authority that permitted the reopening of the sentence as the appellate remedies have long since been exhausted.
 {¶ 5} On April 21, 2006, Amerson filed his notice of appeal raising the following assignment of error:
THE TRIAL COURT ERRED AND ABUSED IT'S (sic) DISCRETION BYSENTENCING THE DEFENDANT-APPELLANT TO MORE THAN THE MINIMUMPRISON TERM WHEN HE HAD NOT PREVIOUSLY SERVED A PRISON TERM,USING UNCONSTITUTIONAL FINDINGS/FACTORS IN ACCORDANCE WITH R.C.2929.14(B), TO IMPOSE A TERM OF SIX YEARS, THUS VIOLATING THEDEFENDANT'S SIXTH AMENDMENT RIGHT TO JURY AND THE UNITED STATESSUPREME COURT'S DECISIONS IN APPRENDI v. NEW JERSEY, (2000)AND BLAKELY v. WASHINGTON, (2004), AND OHIO SUPREME COURT'SDECISION IN STATE v. FOSTER, (2006).
 {¶ 6} Amerson contends that the trial court abused its discretion by sentencing him to more than the minimum prison term when he had not previously served a prison term. He alleges that his sentence was unconstitutional based on the findings and factors used in accordance with R.C. 2929.14(B) in determining his sentence. He asserts that Apprendi, Blakely, and Foster
apply retroactively to his case.
 {¶ 7} It is true that the Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster,
the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. However, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme court restricted retroactive application of its holding to cases on direct review.
 {¶ 8} The case before us is on appeal from a denial of his motion for vacating and correction of sentence, not a direct appeal of his original sentence. The trial court specifies in its judgment that "the Defendant has pursued a number of appeals and motions. This time, the Court knows of no authority for reopening the sentence as the appellate remedies have long since been exhausted." Upon review of the case, we agree with the trial court's statement in its April 12, 2006 Judgment.
 {¶ 9} Accordingly, Amerson's sole assignment of error is overruled and the April 12, 2006 Judgment by the Logan County Court of Common Pleas, denying Amerson's motion for vacating and correction of sentence, is affirmed.
Judgment Affirmed.
 Bryant, P.J. and Rogers, J., concur.